**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| CALEB JOSUE TORO-NEGRON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, F.C.I. FORT DIX,<br><br>Respondent. | Civ. No. 23-6963 (RMB)<br><br>**OPINION** |

**RENÉE MARIE BUMB,** Chief United States District Judge

This matter comes before the Court upon Petitioner Caleb Josue Toro-Negron's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prison's statutory interpretation of a provision of the First Step Act, 18 U.S.C. § 3632(d)(4)(D)(xxii), when denying him time credits based on a disqualifying conviction under 18 U.S.C. § 924(c). (Petition, Dkt. No. 1). Respondent filed an answer in opposition to the Petition, (Answer, Dkt. No. 7), and Petitioner submitted a reply (Reply, Dkt. No. 10). For the reasons discussed below, the Court will deny the Petition.

## I. BACKGROUND

The relevant background is drawn from the parties' respective submissions, and the material events are undisputed. Petitioner is a federal inmate incarcerated at the

Federal Correctional Institution ("FCI") Fort Dix in Trenton, New Jersey serving an aggregate 123-month sentence for drug and firearm offenses, in violation of 21 U.S.C. §§ 841 and 860 and 18 U.S.C. § 924(c). *See United States v. Toro-Negron*, No. 20-cr-327, ECF Nos. 440-441 (D.P.R. Nov. 5, 2021).[1]

**A. The Petition**

On August 22, 2023, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") determination that he is ineligible to receive time credits under the First Step Act ("FSA") because he is serving an aggregate sentence of 123 months for convictions pursuant to 21 U.S.C. §§ 841 and 860 and 18 U.S.C. § 924(c). (Petition, Dkt. No. 1 at 2.) Petitioner's aggregate sentence is comprised of the following consecutive terms of imprisonment: (1) a sixty-three month and nineteen day term for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(A)(1) and 860 and (2) a sixty month term for possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Toro-Negron*, No. 20-cr-327, ECF Nos. 440-441 (D.P.R. Nov. 5, 2021).

Petitioner contends that the BOP "exceeded the scope of its authority" and "abused its discretion" by categorically prohibiting him from earing time credits under the First Step Act ("FSA"). (Petition at 15.) Petitioner further contends that the BOP failed to appropriately or reasonably interpret the FSA provisions such that he should

[1] This case is available at Public Access to Court Electronic Records, www.pacer.gov.

not be excluded from earning FSA time credits based on his § 924(c) conviction. (*Id.* at 15.) For relief, Petitioner seeks application of earned time credits under the FSA during the "eligible" portion of his prison term. (*Id.* at 33.)

First, Petitioner argues that the exhaustion of administrative remedies requirement should be excused because his Petition presents a "narrow issue of statutory interpretation" which does not require exhaustion before adjudication. (*Id.* at 15-16 citing *Goodman v. Ortiz*, No. CV 20-7582 (RMB), 2020 WL 5015613, at *1 (D.N.J. Aug. 25, 2020) (excusing exhaustion because the case presented a narrow issue of statutory construction)). Petitioner explains that despite the fact that exhaustion should be waived, he nevertheless submitted an informal resolution form to his correctional counselor who denied his request for FSA time credits, then appealed to the Warden, who also denied the appeal, and thereafter appealed to the Regional Director. (*Id.* at 16; *see also* Petition, Ex. B, Dkt. No. 1-2 at 2-5.)

Petitioner goes on to argue that 18 U.S.C. § 3632(d)(4)(D) is ambiguous because it is "silent as to the eligibility of a prisoner who is serving a term of imprisonment for multiple convictions under different criminal statues where only one of the underlying convictions would preclude the prisoner from accruing [FSA] time credits." (Petition at 17 (citing *Sok v. Eischen*, No. 22-CV-458 (ECT/LIB), 2022 WL 17156797 (D. Minn. Oct. 26, 2022), *report and recommendation adopted*, No. 22-CR-458 (ECT/LIB), 2022 WL 17128929 (D. Minn. Nov. 22, 2022), *aff'd*, No. 23-1025, 2023 WL 5282709 (8th Cir. Aug. 17, 2023)) (internal quotations omitted)). Petitioner contends that the BOP has improperly aggregated his "sentences" instead of his "terms" of imprisonment.

(*Id.* at 25.) In other words, Petitioner contends that the BOP should have aggregated the calculation of time an inmate is supposed to serve and not the sentences imposed. (*Id.*) He reasons that he should be able to earn time credits beginning on October 15, 2025, the date he began serving his sentence for the § 841(b)(1)(A) conviction, which is an "eligible" offense, regardless of the § 924(c) sentence. (*Id.* at 31-32.)

### B. The Answer

Respondent opposes habeas relief, arguing that the plain language of the FSA precludes Petitioner from earning time credits under the FSA because of his § 924(c) conviction. (Answer, Dkt. No. 7 at 11-12 (citing *United States v. Mathis*, Case No. 2:10-cr-00019, 2022 WL 17592066, at *12 (W.D. Pa. Dec. 13, 2022) (reasoning that "under the plain language of the statute," a prisoner who committed five armed robberies is not eligible for FSA time credits because he was convicted under § 924(c)). Section 3632(d)(4)(D)(xxii) provides as follows:

> [a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under . . . **Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.**

18 U.S.C. § 3632(d)(4)(D)(xxii) (emphasis added).

Respondent further contends that the language of § 3632(d)(4)(D), when read in conjunction with 18 U.S.C. § 3584(c), which requires the BOP to aggregate multiple terms of imprisonment, demonstrates Congress's intent to exclude inmates convicted of certain offenses to receive FSA time credits. (*Id.* at 13.) Respondent points to

multiple cases within the Third Circuit to bolster its proposition. *See Teed v. Warden Allenwood FCI LOW*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) ("Before reaching the conclusion that [petitioner] was ineligible, the BOP aggregated his sentence pursuant to § 3584(c) . . . . Calculation of an inmate's term of imprisonment is widely recognized as an 'administrative purpose' well within the BOP's responsibilities as charged by Congress. Accordingly, here, we view BOP's aggregation of [petitioner's] sentence and FSA ineligibility designation to be proper." (citations omitted)); *Nichols v. Knight*, No. 23-1822-RBK, 2024 WL 912455, at *4 (D.N.J. Mar. 4, 2024) ("As Petitioner's aggregate sentence includes a term for a conviction under § 924(c), one in which this Court previously determined made him ineligible to receive FSA earned time credits, he is ineligible for earned time credits under the FSA."); *Wallace v. Knight*, No. 22-6705-KMW, 2023 WL 4954727, at *1 (D.N.J. Aug. 3, 2023) (rejecting petitioner's argument that BOP's aggregation of his "sentences" was unreasonable because "BOP is required by [§ 3584(c)] to treat sentences like Petitioner's which include at least one conviction for an FSA ineligible crime as a single aggregate term which is not subject to the accrual of FSA credits"); (*Id.* at 13-14.)

Respondent argues that even if the language in § 3632(d)(4)(D) is ambiguous as to how to treat aggregated sentences, the BOP's interpretation is reasonable because courts defer to the agency's interpretation if its construction is reasonable. (*Id.* at 22 (citing *Chevron U.S.A., Inc. v. Natural Resource Defense Council, Inc.*, 467 U.S. 837 (1984), *overruled by Loper Bright Enterprises. v. Raimondo*, 603 U.S. 369 (2024)). The Court notes

that in *Loper Bright*, the Supreme Court overruled the deference principles established in *Chevron*. *See Loper Bright*, 603 U.S. at 412 (holding that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority"). Respondents further contend that even if *Chevron* does not apply, courts at a minimum accord deference to an agency's informal statutory interpretation pursuant to *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). (*Id.* at 22.)

## II. DISCUSSION

Petitioner asserts jurisdiction under 28 U.S.C. § 2241, which applies "where a prisoner alleges "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner challenges the BOP's statutory interpretation of the FSA, 18 U.S.C. § 3632(d)(4)(D)(xxii), a determination that excludes him from earning time credits toward early release. Petitioner does not dispute that a § 924(c) conviction disqualifies him from earning FSA time credits, but he asserts that he should receive time credits for the eligible portion of his sentence, pursuant to the sixty-three month and nineteen day term for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(A)(1) and 860 sentence. Respondent argues that the Petition must be denied because the BOP properly determined that Petitioner is statutorily ineligible for application of FSA time credits because he has been convicted of, and is serving a sentence for, a disqualifying offense listed in 18 U.S.C. § 3632(d)(4)(D). Specifically, Petitioner was convicted and sentenced for possessing a firearm during a drug trafficking offense under 18 U.S.C. § 924(c)(1)(A).

### A. The Exhaustion Requirement is Waived

A federal inmate ordinarily must exhaust administrative remedies before seeking habeas relief under 28 U.S.C. § 2241. *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). "Proper exhaustion requires that a prisoner present his claim at every administrative level." *Concepcion v. Warden Allenwood FCI*, 750 F. App'x 184, 185 (3d Cir. 2019) (per curiam). The administrative remedy procedures for federal prisoners are set forth at 28 C.F.R. §§ 542.10-542.18. Absent proper exhaustion of administrative remedies, "judicial review is barred unless [the prisoner] can demonstrate cause and prejudice." *Johnson v. Warden Big Sandy USP*, 708 F. App'x 745, 747 (3d Cir. 2017) (per curiam). However, exhaustion is excused when the issue presented involves only statutory construction. *Vasquez*, 684 F.3d at 434; *see also Goodman v. Sage*, No. 4:22-CV-00981, 2022 WL 18028148, at *2-3 (M.D. Pa. Dec. 30, 2022) (finding that exhaustion was excused where the petitioner's argument that his FSA time credits should be applied to his non-disqualifying offense, despite his disqualifying § 924(c) conviction raised an issue of statutory construction). Here, the Court agrees that the Petition raises an issue of statutory construction as to the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D). *See Vasquez*, 684 F.3d at 434; *see also Goodman*, No. 4:22-CV-00981, 2022 WL 18028148, at *2-3. Accordingly, the exhaustion requirement is waived.

### B. The Merits of the Petition Fail

The Court finds that Petitioner is not entitled to habeas relief because he is statutorily ineligible for FSA time credits based on his § 924(c) conviction.

Statutory construction begins with the plain words of the statute. When Congress enacted the FSA in December 2018, it directed that,

> . . . the Attorney General in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system (referred to in this subchapter as the "System")[.]

18 U.S.C. § 3632(a). Under § 3632(d), "—[t]he System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs as follows . . ."

> (4) Time credits.—
>
> (A) In general.--A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> . . .

> **(D) Ineligible prisoners.--A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:**
>
> . . .
>
> **(xxii) Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.**

18 U.S.C. § 3632(d) (Emphasis added).

Under § 924(c), possession of a firearm is only unlawful if it is possessed "in furtherance of any such crime [crime of violence or drug trafficking]." Therefore, the plain meaning of Subsection xxii, "relating to unlawful possession under § 924(c)" means possession of a firearm in furtherance of a drug trafficking crime or crime of violence. *See Fisher v. Knight*, No. CV 22-7006 (RMB), 2023 WL 8868490, at *5 (D.N.J. Dec. 22, 2023) (citing *Eubanks v. Segal*, No. 23-CV-1245 (ECT/JFD), 2023 WL 4409921, at *1 (D. Minn. May 19, 2023), *report and recommendation adopted*, No. 23-CV-1245 (ECT/JFD), 2023 WL 4407494 (D. Minn. July 7, 2023) ("the FSA states in plain terms that persons who are in prison because they violated § 924(c) are ineligible to receive time credits.")).

Moreover, 18 U.S.C. § 3584(c) provides that, "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *See also Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *1 (3d Cir. May 7, 2025) (citing *Giovinco v. Pullen*, 118 F.4th 527, 531 (2d Cir. 2024), *petition for cert. filed*, No. 24-6827 (U.S. Mar. 21, 2025)

(citing with approval *Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021), and concluding that, "the aggregation provision [of § 3584(c)] applies to the BOP's administration of the FSA time credit program")).

Here, Petitioner is ineligible to receive FSA time credits because his § 924(c) conviction is a disqualifying offense expressly listed in Subsection xxii. 18 U.S.C. § 3632(d)(4)(D) provides that, "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). Because Petitioner was convicted of possession of a firearm during a drug trafficking offense under § 924(c), he is ineligible for the FSA time credits he seeks.

Furthermore, "[a]s the calculation of sentencing credits is an 'administrative purpose,' the [BOP] is required by the statute to treat sentences like Petitioner's which include at least one conviction for an [FSA] ineligible crime as a single aggregate term which is not subject to the accrual of [FSA] credits." *Smith v. Thompson*, No. 24–cv–09295, 2024 WL 4635300, at *2 (D.N.J. Oct. 30, 2024), *appeal dismissed sub nom.*, *Smith v. Warden Fort Dix FCI*, No. 25–1192, 2025 WL 2215898 (3d Cir. May 16, 2025). As such, the BOP correctly deemed Petitioner ineligible for FSA time credits because he is serving a sentence for possession of a firearm during a drug trafficking offense in violation § 924(c). Although Respondent relies on *Chevron*, the Court does not reach the issue of statutory interpretation because the relevant statutes are not ambiguous as

they expressly bar Petitioner from receiving FSA time credits based on the § 924(c) conviction. (Answer at 22 (citing *Chevron*, 467 U.S. at 842-43)). Nor does *Loper Bright*, which overruled *Chevron*, alter this conclusion. *See Loper Bright Enterprises. v. Raimondo*, 603 U.S. at 412. Accordingly, the Petition is denied.

## IV. CONCLUSION

Based on the foregoing reasons, the Court denies the Petition. An appropriate Order follows.

Dated: **September 2, 2026**

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge